IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Zachary Strickland, Jerry I. Strickland, and Marsha B. Strickland, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Ford Motor Co. and Fair Bluff Motors, Inc., )<br>)<br>Defendants. )<br>) | Civil Action No.: 4:00-1391-RBH<br><br><br><br>**O R D E R** |

This matter is before the Court on Plaintiffs' "motion for reconsideration" of this Court's Order regarding the return of protected documents. As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the Court will treat this motion as a Rule 59 Motion to Alter or Amend the Judgment.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening *change in controlling* law; (2) on account of *new* evidence; or (3) "*to correct* a *clear error of law* or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that *could have been made before the judgment was entered*." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (emphasis added). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Tran v. Tran, 166 F.Supp.2d 793, 798 (S.D.N.Y. 2001).

Having reviewed the pleadings related to this motion, the Court finds oral argument would not aid in its decision-making process. In the view of this Court, the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this Court.

As noted in this Court's previous Order, the plaintiffs failed to file a Response to the Third Party, Magna Donnelly's motion for an Order for the return of protected documents. In the motion presently before the Court, the plaintiffs basically attempt to argue issues which *could* have been raised before the Court made its ruling. As noted above, a Rule 59 motion may not be used for this purpose.

The Court will note that Plaintiffs' counsel argues that he did not file a Response to Magna Donnelly's motion because he and Magna Donnelly's counsel had discussed the need for a hearing after the motion was filed and he assumed that Magna Donnelly's counsel had been in contact with the Court about setting up the hearing. Plaintiffs' counsel states that he was unaware of any briefing schedule identifying when a responsive pleading was necessary, and in no way wants the Court to be of the impression that the lack of an opposition should be viewed as acquiescence to the motion. The Court finds this argument is without merit. The Court notes that any attorney who practices in the District of South Carolina is required to take an oath and certify that he or she has studied the Local Civil Rules of the Court. As such, it is to be noted that Local Civil Rule 7.08 states that "[h]earings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Furthermore, Local Civil Rule 7.06 states that:

> [a]ny memorandum or response of an opposing party must be filed with the Clerk of Court within fifteen (15) days of the service of the motion unless the Court imposes a different deadline. If no memorandum in opposition is filed within fifteen (15) days of the date of service, the Court will decide the matter on the record and such oral argument as the movant may be permitted to offer, if any.

However, moving beyond the procedural shortcomings of the present motion, the Court has reviewed the plaintiffs' substantive arguments contained therein and finds that they are without merit as well. The plaintiffs' main argument in this motion is that they object to returning the documents at issue because Magna Donnelly has refused to assure and agree in writing that the information and documents would be preserved for future litigation. However, this Court points out that the Consent Protective Order entered by the Court on September 16, 2004, did not include any provision in which the documents were to be preserved for *future* litigation. Yet, Magna Donnelly has indicated in its Response to this motion that at no time has anyone suggested that Magna Donnelly will not maintain the documents as they were produced in this case. In fact, Magna Donnelly's counsel indicates that Magna Donnelly will be able to maintain the hard copies that it receives from plaintiffs' counsel, along with the ones previously returned by Ford, as a backup set of documents to be produced later if necessary.

Furthermore, this Court should not have to referee a dispute each time Plaintiffs' counsel seeks to utilize these documents when there are other courts which have jurisdiction over the additional subpoenas that can address the needs of that case and the limitations in those courts. Plaintiffs' counsel is not barred from attempting to request the same or similar documents in future litigation, through the discovery process in those cases.

The plaintiffs also state that they challenge the classification of several of the documents produced in this litigation as confidential by Magna Donnelly. Plaintiffs state that Magna Donnelly should not be allowed to classify documents as confidential and/or proprietary solely because it does not like the contents of the documents without them being examined by the Court to determine whether they are confidential. This Court will point out that Paragraph Two of the Consent Protective Order

outlines the procedures the parties in this litigation should have taken when there was an objection to Magna Donnelly's designation that a Protected Document was confidential.  The plaintiffs have not made an objection to Magna Donnelly's designation of several documents as confidential, until this litigation has long since ended.  Therefore, this Court finds that such an objection is untimely and waived.

For the above stated reasons, the plaintiffs' motion for reconsideration of this Court's Order related to the return of protected documents is **DENIED**.  Further, it is hereby **ORDERED** that Plaintiffs' counsel shall comply with this Court's previous Order regarding the return of the protected documents within ten (10) days of the date of this Order.  If Plaintiffs' counsel fails to comply with this Order, the Court will hold a rule to show cause hearing and consider sanctions against counsel.

**AND IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

October 13, 2005
Florence, South Carolina